

**ORDERED in the Southern District of Florida on July 20, 2018.**

Raymond B. Ray, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
Fort Lauderdale Division

In re:

KEVIN JOSEPH HARRIS,   Case No. 17-17656-BKC-RBR

   Debtor(s).   Chapter 7
_____/

JAMES F. JAYO,

   Plaintiff(s).

v.   Adv. Proc. No. 17-01421-RBR

KEVIN JOSEPH HARRIS,

   Defendant(s).
_____/

### ORDER DETERMINING DISCHARGEABILITY OF DEFAULT JUDGMENT

THIS MATTER came before the Court for trial on July 12, 2018, upon the Plaintiff's Complaint [D.E. 1], pursuant to 11 U.S.C. § 523(a)(2), seeking to determine the dischargeability of a debt resulting from a default judgment. Having considered the exhibits[1] admitted at trial, the testimony of the Plaintiff

---

[1] The Court admitted Plaintiff's Exhibits 1-2 and 6-16. Plaintiff's Exhibits 17-20 were not introduced. Defendant's Exhibits H, J, and N were admitted.

and Defendant, and the applicable law, the Court finds and concludes as follows.

## I. FINDINGS OF FACT

On April 20, 2015, Plaintiff filed a Complaint against Defendant in the Circuit Court, Fourth Judicial Circuit, In and For Nassau County, Florida (the "State Court") alleging fifteen separate counts, including fraudulent misrepresentation and fraud. Ex. 1 at 1, 4, 10. Defendant filed an answer to the Complaint, dated January 7, 2016, and participated in the State Court case. Ex. 15 at 2. On January 26, 2016, Defendant wrote a handwritten letter to the State Court Judge requesting a continuance of a hearing on the Motion to Dismiss because Defendant had "a heart attack Sunday, Jan. 17th, 2016 and recently been released from hospital." Ex. 12. On March 10, 2016, Plaintiff filed a Motion to Sanction Defendant Kevin in the State Court. Ex. 11. Plaintiff alleged: "On February 4, 2016, just a mere two days after the scheduled hearing, and only 18 days after suffering what he alleges [to be] a heart attack and insertion of a cardiac-catheter, the Defendant Kevin J. Harris, was seen lifting heavy weights at a gym in Cooper City, Florida without any limitation or adverse impact from the alleged complications that prevented him from attending the hearing on the Motion to Dismiss." Ex. 11 at ¶ 8.

After notice and a hearing on May 25, 2016 on the Motion to Sanction and the Motion to Dismiss, the State Court entered the Order Granting Motion to Sanction Defendant Kevin J. Harris. Ex. 14, 15. Defendant "failed to appear for the hearing, failed to file any response to the allegations, and otherwise failed to demonstrate any hardship or excuse for his actions." Ex. 15. The State Court found "the allegations contained in the Plaintiff's Motion to Sanction and its supporting affidavit to be true and uncontradicted. The Defendant's deliberate actions have disrupted the proceedings and attacked the integrity of this Court." Ex. 15. The State Court granted the Motion to Sanction, struck Defendant's Answer to the Complaint, and entered a Judicial Default against Defendant. Ex. 15. At trial, Defendant testified that he had tried to have the Final Default Judgment overturned, and his efforts had been unsuccessful.

On June 19, 2017, Defendant filed a Chapter 7 bankruptcy petition seeking a Chapter 7 discharge

of his debts. [D.E. 1, Main]. On Schedule E/F, Defendant listed Plaintiff as a creditor with a Final Default Judgment in the amount of $1,800,000.00. [D.E. 16 at 18, D.E. 50 at 17, Main]. On October 20, 2017, Plaintiff filed the instant adversary proceeding *pro se*, seeking a determination from this Court that the debt resulting from the Final Default Judgment was nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(2). [D.E. 1]. Defendant received his Chapter 7 discharge on November 29, 2017 [D.E. 69, Main], and the main bankruptcy case was closed on April 24, 2018.[2] [D.E. 73, Main].

## II. CONCLUSIONS OF LAW

"A discharge . . . does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2). "Collateral estoppel prohibits the relitigation of issues that have been adjudicated in a prior action. The principles of collateral estoppel apply in discharge exception proceedings in bankruptcy court." *Bush v. Balfour Beatty Bahamas (In re Bush)*, 62 F.3d 1319, 1322 (11th Cir. 1995) (citing *Grogan v. Garner*, 498 U.S. 279, 285 n. 11, 111 S. Ct. 654, 658 n. 11 (1991); *In re Latch*, 820 F.2d 1163 (11th Cir. 1987)).

> In order for a party to be estopped from relitigating an issue regarding the dischargeability of a debt, a bankruptcy court must find the following four elements present:
> 1. The issue in the prior action and the issue in the bankruptcy court are identical;
> 2. The bankruptcy issue was actually litigated in the prior action;
> 3. The determination of the issue in the prior action was a critical and necessary part of the judgment in that litigation; and
> 4. The burden of persuasion in the discharge proceeding must not be significantly heavier than the burden of persuasion in the initial action.

*Id.* (citing *In re Yanks*, 931 F.2d 42, 43 n. 1 (11th Cir. 1991)). The U.S. Court of Appeals for the Eleventh

---

[2] Although the Court closed the main bankruptcy case, the Court employed its discretion to retain jurisdiction to administer this adversary proceeding. *In re Morris*, 950 F.2d 1531, 1534 (11th Cir. 1992) (finding that "nothing in the statute governing jurisdiction granted to the bankruptcy courts prohibits the continuance of federal jurisdiction over an adversary proceeding which arose in or was related to a bankruptcy case following dismissal of the underlying bankruptcy case"). The Court has considered the relevant factors including, "(1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved." *Id.* at 1535 (citing *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989)). Although the legal issues are not difficult, this case has come on for trial and the Court has considered the evidence; thus, the Court finds that it would be patently unfair and a waste of judicial resources to dismiss the case at this late time. *See id.*

Circuit (the "Eleventh Circuit") held, "Just as due process is not offended by the entry of a default judgment against a party for failure to cooperate with discovery, neither is due process offended if a debtor is held to the consequences of that judgment in a subsequent bankruptcy discharge proceeding." *Id.* at 1325 (internal citations omitted).

This Court found the Eleventh Circuit's decision in the *Bush* case particular instructive. In the *Bush* case, the creditor filed a complaint in the United States District Court for the Southern District of Florida alleging that the debtor committed fraud. *Id.* at 1321. The debtor participated in the district court case, but the debtor failed to produce exhibits, appear for a scheduled deposition, and appear for a pretrial conference. *Id.* The district court imposed sanctions and entered a default judgment against the debtor. *Id.* at 1321-22. The debtor then filed a Chapter 7 bankruptcy, and creditor filed an adversary complaint to determine dischargeability of the debt. *Id.* at 1322. The Eleventh Circuit affirmed the lower court's decision to apply the doctrine of collateral estoppel in the bankruptcy discharge proceeding and found that "the issue of fraud was *actually litigated* in the prior action." *Id.* at 1322-23 (emphasis in original). The Eleventh Circuit acknowledged that the trial court had discretion to allow collateral estoppel because there could be "mitigating factors in another case;" however, the Eleventh Circuit found that collateral estoppel was appropriate in *Bush* because "the amount of money was substantial, the forum was convenient and Bush did, in fact, participate in the litigation." *Id.* at 1325 n. 8.

The Court finds the instant case remarkably similar to the *Bush* case. Here, Plaintiff filed a complaint in the State Court alleging that the Defendant committed fraud. Ex. 1 at 1, 4, 10. Defendant participated in the State Court case by filing an Answer; however, the State Court imposed sanctions and entered a Final Default Judgment against the Defendant after finding that the Defendant misled the State Court. Ex. 15. Defendant then filed a Chapter 7 bankruptcy, and Plaintiff filed an adversary complaint to determine dischargeability of the Final Default Judgment. [D.E. 1, Main; D.E. 1, Adv. Proc.].

After hearing the testimony of both the Plaintiff and the Defendant, the Court elected to apply collateral estoppel "prohibit[ing] the relitigation of issues that have been adjudicated in a prior action."

4

*Bush*, 62 F.3d at 1322 (citing *Grogan*, 498 U.S. at 285 n. 11; *In re Latch*, 820 F.2d at 1163). Plaintiff satisfied the four elements of collateral estoppel because the issue in the prior action (i.e. fraud) and the issue in this Court (i.e. fraud) were identical; the issue of fraud was actually litigated in the State Court case; the determination of the issue in the State Court was a critical and necessary part of the judgment in that litigation; and the burden of persuasion in the instant proceeding was the same as than the burden of persuasion in the State Court case. *Id.* (citing *In re Yanks*, 931 F.2d at 43 n. 1).

The Court appreciates that the decision to apply collateral estoppel is within the discretion of the Court, and some cases may present mitigating factors to cause the Court to forego the decision to apply collateral estoppel. *Id.* at 1325 n. 8. Even after considering the Defendant's testimony, argument of counsel, the evidence admitted at trial, and the pleadings, this Court finds that no such mitigating circumstances existed here. The instant case mirrors the *Bush* case because "the amount of money [at stake] was substantial, the forum was convenient and [Defendant] did, in fact, participate in the litigation." *Id.* "*It would be undeserved to give debtor/defendant a second bite at the apple when he knowingly chose not to defend himself in the first instance*." *Id.* at 1324 (quoting *In re Wilson*, 72 B.R. 956, 959 (Bankr. M.D. Fla. 1987)) (emphasis in original).

### III. CONCLUSION

The Court finds in favor of Plaintiff. The debt owed to Plaintiff by Defendant in amount of $1,800,000.00 resulting from the Final Default Judgment is nondischargeable. The Court will enter a separate final judgment.

###

*Copies furnished to:*
Plaintiff
Defendant